CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 3 0 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

TIMOTHY WAYNE BAILEY,                )
                                     )
                 Petitioner,         )       Case No. 7:09CV00386
                                     )
v.                                   )
                                     )       **MEMORANDUM OPINION**
                                     )
GENE M. JOHNSON, DIRECTOR, DOC,      )       By:  Glen E. Conrad
                                     )       United States District Judge
                 Respondent.         )

Petitioner, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement pursuant to the judgment of the Patrick County Circuit Court under which he stands convicted of abduction and malicious wounding and sentenced to 21 years imprisonment. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for decision. Upon review of the record, the court finds that the motion to dismiss must be granted.

**Background**

Timothy Wayne Bailey pleaded not guilty before the Patrick County Circuit Court to charges that he maliciously wounded and abducted his girlfriend, Loree Franklin. A jury found him guilty on both counts on May 5, 2000. The Court entered judgment on December 7, 2000, sentencing him to twelve years imprisonment on the malicious wounding offense and to nine years imprisonment on the abduction offense. Bailey appealed. A single judge and then a three-judge panel of the Court of Appeals of Virginia denied his appeal. (Record No. 0317-01-3.) The Supreme Court of Virginia refused his subsequent petition for appeal on February 6, 2002. (Record No. 012056.)

Bailey filed a petition for a writ of habeas corpus in the Patrick County Circuit Court on April 15, 2002, raising various claims. The Court dismissed the petition by order dated July 9, 2002 (Case No. LH02-3128.). Bailey filed a notice of appeal in the trial court, but never submitted a petition for appeal to the Supreme Court of Virginia so as to perfect his appeal.

Bailey did attempt other post-conviction motions, however. In August 2007, Bailey filed a "Motion to Vacate Void Judgment" in the Patrick County Circuit Court. (Case No. CL07-132.) Under the same case number, Bailey also filed a "Motion for Independent Action pursuant to Virginia Code § 8.01-428C." (Id.) The Court denied and dismissed these motions on January 2, 2008, stating that the "contents of the petition itself are, even by pro se standards, virtually impossible to decipher and do not state any cognizable claim for relief." Bailey did not appeal to the Supreme Court of Virginia from either of these dismissal orders. In January 2009, Bailey submitted a "Writ of Coram Nobis on Improper Venue and Illegal Search and Seizure," which the Court dismissed, sua sponte, by order entered February 6, 2009. (CL09-25.) The Supreme Court of Virginia dismissed Bailey's appeal of this ruling on August 3, 2009. (Record No. 090652.)

In his § 2254 petition, Bailey alleges the following grounds for relief:

1.  Henry County Officer Rea traveled outside his jurisdiction to arrest petitioner in Franklin County without a warrant, performed a warrantless and illegal search, seized property from petitioner's home and car, and transported petitioner across county lines;

2.  Venue for the jury trial was improper, because the malicious wounding and the abduction occurred in different counties, but were tried in the same jurisdiction before the same jury; and

3.  Counsel provided ineffective assistance by failing to perfect a direct appeal regarding (a) the illegal search and seizure and warrantless arrest outside the jurisdiction of the arresting officer; (b) improper venue; and (c) admission of evidence without DNA testing.

### Discussion

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of

conviction becomes final.  See 28 U.S.C. § 2244(d)(1)(A).[1]  A conviction becomes final once the availability of direct review is exhausted.  See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending."  See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (finding that an improperly filed state habeas petition does not trigger tolling under § 2244(d)(2)).

After the Supreme Court of Virginia refused Bailey's petition for appeal on February 6, 2002, he had ninety days—until on or about May 7, 2002—to file a petition for a writ of certiorari in the United States Supreme Court.  See Rules of the Supreme Court of the United States, Rule 13(1).  Because he did not file a certiorari petition, his convictions became final for purposes of § 2244(d)(1)(A) on May 7, 2002.  His one-year filing period under this section did not begin to run on May 7, 2002, however, because at that time, Bailey's state habeas petition, filed April 15, 2002, was pending in the Patrick County Circuit Court.  Pursuant to § 2244(d)(2), the pendency of this petition tolled the federal filing period until after the Court dismissed the petition on July 9, 2002 and Bailey's thirty-day period to file an appeal to the Supreme Court of Virginia expired on or about August 8, 2002.  See Va. Code Ann. § § 8.01-654(C)(1); 8.01-675.3.  The federal clock began running on that date, and his one-year period under § 2244(d)(1)(A) in which to file a § 2254 petition expired on or about August 8, 2003.

---

[1] Under § 2244(d), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Thus, the one-year filing period under § 2244(d)(1)(A) had already expired by the time Bailey filed his other state court post-conviction motions and petitions in 2007 and 2009. In other words, even if one or more of these motions or petitions had qualified as a "properly filed" state post conviction action under § 2244(d)(2), the pendency of these proceedings did not toll the federal limitation period pursuant to § 2244(d)(1), because they were filed too late. See Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D. N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run.").

Bailey filed his federal habeas petition, at the earliest, on September 9, 2009, well outside the one-year limitation period that expired in August 2003.[2] As a result, Bailey's petition is untimely under § 2244(d)(1)(A). He does not argue any ground on which his filing period could be calculated under any of the other subsections of the statute.

Bailey also fails to allege any viable ground on which he could invoke equitable tolling. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotations omitted). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617 (3d Cir. 1998).

Bailey asserts that when evidence presented in court clearly demonstrates that a state court's ruling violated a petitioner's federal constitutional rights, the federal court can "[over]look any time bar for habeas corpus," because citizens of the United States are

---

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his petition to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988). It appears that Bailey signed his petition on September 9, 2009. Accordingly, the court will assume for purposes of this opinion that it was "filed" on that date.

"guaranteed" to have such claims heard. Bailey is correct that he has a right to present his claims, pursuant to § 2254. However, the time in which he may exercise this statutory <u>habeas</u> right is limited under § 2244(d). Because his argument about the nature of his claims does not provide any excuse for his failure to bring those claims sooner, this argument cannot qualify as grounds for equitable tolling of the federal filing period.

Bailey also asserts that although he has no education in state or federal laws, he is acting as his own counsel and has presented his claims "the best way he can." These shortcomings in Bailey's own knowledge and education are clearly within his control, however, and as such, cannot serve as grounds for equitable tolling. <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330-31 (4th Cir. 2000) (citing other cases).

Finally, Bailey asserts that the respondent's motion to dismiss must be dismissed because counsel failed to endorse the pleading according to Supreme Court Rule 1:13. Counsel for the respondent filed the motion to dismiss electronically, with an "/s/" on the signature line to indicate her electronic signature, followed by her name, title, and Virginia State Bar number.

The format for pleadings filed in this court is governed by the Federal Rules of Civil Procedure and local standing orders and procedures. Fed. R. Civ. P. 11(a) requires, in pertinent part:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a). Section J of the court's administrative procedures governing use of the court's electronic filing system, however, indicates that the correct format for an attorney's signature on an electronically filed document is "s/ Judith Attorney." Thus, the signature on counsel's submission does not fully comply with the court's procedure, and counsel is advised to conform her signature to the procedure on future submissions. At the same time, because counsel does include the /s/ and her name at the end of the document, which she filed through use of her court-issued login, the court does not find that the paper is "unsigned" so as to warrant

striking the document under Rule 11(a). Accordingly, the motion to dismiss cannot be dismissed based on the form of counsel's signature.

## Conclusion

For the stated reasons, the court concludes that the motion to dismiss must be granted and that the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, must be dismissed as untimely filed. An appropriate order will issue this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Bailey-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This __30th__ day of November, 2009.

United States District Judge

- 6 -